**IN THE UNITED STATES DISTRICT COURT**
**FOR THE NORTHERN DISTRICT OF OHIO**
**EASTERN DIVISION**

| | | |
|---|---|---|
| MICHAEL DAWES, | ) | CASE NO. 1:10-cv-02637 |
|     individually and as a class | ) | |
|     representative | ) | JUDGE DONALD C. NUGENT |
| | ) | |
|     Plaintiff, | ) | MAGISTRATE JUDGE GREG WHITE |
| | ) | |
|         v. | ) | |
| | ) | |
| BAC HOME LOANS SERVICING LP, | ) | **REPORT AND RECOMMENDATION** |
|     *et al.*, | ) | |
| | ) | |
|     Defendants. | ) | |

On January 20, 2011, this matter was referred pursuant to Local Rule 72.1, seeking a report

and recommendation.[1]  (ECF No. 25.)

### I.  Procedural Background

**A.  The Complaint**

On October 8, 2010, Plaintiff Michael Dawes ("Dawes"), on behalf of himself and all

others similarly situated, filed a complaint in Cuyahoga County Court of Common Pleas against

Defendants BAC Home Loans Servicing LP, Bank of America, Countrywide Home Loans, Inc.,

Countrywide Home Loans LP, and America's Wholesale Lender (collectively "Defendants").

---

[1] This matter was also referred for general pretrial supervision and to enter and enforce
pretrial orders including, but not limited to, orders pertaining to discovery.  (ECF No.
25.)

(ECF No. 1-2.)  On November 18, 2010, Defendants filed a Notice of Removal, claiming

diversity jurisdiction.  (ECF No. 1.)

The Complaint asserts the following causes of action: (1) slander of title; (2) fraud; (3)

negligent misrepresentation; (4) breach of contract; (5) false oaths; (6) unjust enrichment; (7)

conversion; (8) abuse of process; and, (9) malicious prosecution.  (ECF No. 1-2.)  Dawes asserts

that this action may be maintained as a class action pursuant to Civil Rule 23(B)(3).  *Id*. at ¶49.

**B.   Motion To Dismiss**

On November 26, 2010, Defendants filed a Motion To Dismiss with prejudice pursuant to

Federal Rules of Civil Procedure 8(a), 9(b), and 12(b)(6).  (ECF No. 6.)  Generally, Defendants

argue that Dawes failed to plead cognizable damages aside from attorney fees, which are not

recoverable.  (ECF No. 6-1 at 4-5.)  On January 13, 2011, Dawes filed a Brief in Opposition, as

well as motions seeking to exclude certain evidence and additional time to obtain responsive

documents.[2]  (ECF No. 22.)  Defendants filed their Reply Memorandum on January 27, 2011.

(ECF No. 27.)

## II.  Applicable Law

**A.   Civil Rule 12(b)(6) Standard**

A motion to dismiss for failure to state a claim pursuant to Federal Rule of Civil

Procedure 12(b)(6) "should not be granted unless it appears beyond a doubt that the plaintiff can

prove no set of facts in support of his claim that would entitle him to relief."  *Conley v. Gibson*,

---

[2] On February 17, 2011, this Court held a telephone conference with counsel.  (ECF No. 29.)  The Court stayed discovery until resolution of Defendants' Motion To Dismiss.  *Id*. As such, Dawes's Motion For Additional Time To Obtain Responsive Evidence (ECF No. 22) is DENIED.  Dawes also requested until February 22, 2011, to file supplemental authority.  *Id*.  To date, Plaintiff has not done so.

355 U.S. 41, 45-46 (1957).  Well-pleaded allegations must be taken as true and construed most favorably toward the non-moving party.  *See, e.g., Mayer v. Mylod*, 988 F.2d 635, 637 (6th Cir. 1993).  "[T]he tenet that a court must accept as true all of the allegations contained in a complaint is inapplicable to legal conclusions[, as] [t]hreadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice."  *Ashcroft v. Iqbal*, 129 S. Ct. 1937, 1950 (2009) (*citing Bell Atl. Corp. v. Twombly*, 550 U.S. 544 (2007)).  Although a court may not grant a Rule 12(b)(6) motion based on its disbelief of the factual allegations contained in the complaint, *Lawler v. Marshall*, 898 F.2d 1196, 1199 (6th Cir. 1990), a court "need not accept as true legal conclusions or unwarranted factual inferences."  *Morgan v. Church's Fried Chicken*, 829 F.2d 10, 12 (6th Cir. 1987).  Consequently, a claim should not be dismissed unless it is unsupported by the law or the facts alleged are insufficient.

When ruling on motions to dismiss, a Court should normally look no further than the complaint, but "[d]ocuments that a defendant attaches to a motion to dismiss are considered part of the pleadings if they are referred to in the plaintiff's complaint and are central to [plaintiff's] claim."  *Weiner v. Klais and Co., Inc.*, 108 F.3d 86, 89 (6th Cir.1997) (citations omitted).  "Otherwise, a plaintiff with a legally deficient claim could survive a motion to dismiss simply by failing to attach a dispositive document on which it relied."  *Pension Benefit Guar. Corp. v. White Consol. Indus.*, 998 F.2d 1192, 1196 (3rd Cir. 1993).  Also, [a] court that is ruling on a Rule 12(b)(6) motion may consider materials in addition to the complaint if such materials are public records or are otherwise appropriate for the taking of judicial notice."  *New England Health Care Employees Pension Fund v. Ernst & Young, LLP*, 336 F.3d 495, 501 (6th Cir.2003) (*citing Jackson v. City of Columbus*, 194 F.3d 737, 745 (6th Cir.1999)).  "Federal courts may

take judicial notice of proceedings in other courts of record."  *Rodic v. Thistledown Racing Club, Inc.*, 615 F.2d 736, 738 (6th Cir. Ohio 1980) (*quoting Granader v. Public Bank*, 417 F.2d 75, 82-83 (6th Cir. 1969) (citing cases), *cert. denied*, 397 U.S. 1065 (1970)).

Defendants argue that, in addressing their motion to dismiss, the Court should only consider damages allegedly incurred by Dawes and not other putative class members.  (ECF No. 6-1 at 6, *citing Lewis v. Casey*, 518 U.S. 343, 357 (1996) ("That a suit may be a class action . . . adds nothing to the question of standing, for even named plaintiffs who represent a class 'must allege and show that they personally have been injured, not that injury has been suffered by other, unidentified members of the class to which they belong and which they purport to represent.'") (*quoting Simon v. Eastern Ky. Welfare Rights Org*., 426 U.S. 26, 40, n. 20 (1976); *Warth v. Seldin*, 422 U.S. 490, 502 (1975)); *accord Courtney v. Smith*, 297 F.3d 455, 467 (6th Cir. 2002).  "In addition, in a class action, the named plaintiffs may not rely upon the purported injuries of unidentified members of the class they represent, but must allege and show that they have personally been injured."  *Hale v. Enerco Group, Inc.*, 2011 U.S. Dist. LEXIS 781 (N.D. Ohio Jan. 5, 2011) (Polster, J.).  A court "must dismiss a case if the named plaintiff does not have standing regardless of whether members of the putative class have suffered injuries."  *Key v. DSW, Inc.*, 454 F. Supp. 2d 684, 687 (S.D. Ohio 2006).  The law appears to be clear that Dawes cannot rely on injuries or damages sustained by other members of the putative class to avoid dismissal.  Furthermore, Dawes has not addressed this issue or drawn this Court's attention to contrary authority.  Therefore, the Court will not consider allegations relating solely to purported plaintiffs in deciding whether the present motion to dismiss should be granted.

4

### III.  Factual Allegations

On June 26, 2003, Dawes executed a Borrower's Note (the "Note") in the amount of $90,000.00 to purchase a house at 18309 Holland Road, Brook Park, Ohio, 44142 (the "Property"). (Compl. ¶2, Exh. A.)  The payee on the original Note was America's Wholesale Lender.  (Compl. ¶¶1-3.)

On December 24, 2008, Countrywide Home Loans Servicing LP ("Countrywide") filed a foreclosure action in state court against Dawes.  (Compl. ¶9; *see also* Docket for *Countrywide Home Loans Servicing LP v. Dawes*, No. CV-08-680110 (Ohio Ct. Com. Pl., Cuyahoga County Dec. 24, 2008); ECF No. 1-2 at 48; ECF No. 6-4, Exh. C.)  On March 26, 2009, the court found that an allonge and mortgage, submitted by Countrywide on March 16, 2009, failed to demonstrate ownership of the Note, and ordered Countrywide to show cause within thirty days why its complaint should not be dismissed without prejudice for lack of standing.  (ECF No. 6-4, Exh. C.)  On April 30, 2009, the court, after converting Dawes's motion to dismiss into a motion for summary judgment, dismissed the action without prejudice when Countrywide failed to supplement its filing to demonstrate ownership of the Note.  *Id*.; Compl. at ¶11.

On June 10, 2009, a second foreclosure action was brought against Dawes, this time initiated by BAC-Home Loans Servicing LP ("BAC-HLS").[3]  (Compl. ¶13; *see also* Docket for

---

[3]  Dawes's opposition brief was also styled as a Motion to Exclude Evidence Presented. (ECF No. 22.)  In his brief, Dawes asks the Court to exclude the statement contained in footnote four of Defendants' motion to dismiss, wherein Defendants state that:

> On July 31, 2008, Countrywide Financial Corporation completed its merger with Red Oak Merger Corporation, a Delaware corporation and wholly owned subsidiary of Bank of America Corporation. Countrywide Financial Corporation was the survivor of the merger, and thereby became a wholly-owned subsidiary of Bank of America Corporation.  As a result of

*BAC Home Loans Servicing LP v. Dawes*, No. CV-09-695425 (Ohio Ct. Com. Pl., Cuyahoga

County Oct. 8, 2009); ECF No. 1-2 at 49-53; ECF No. 6-5, Exh. D.)  On August 12, 2009,

Dawes filed a motion to dismiss, alleging that BAC-HLS lacked standing to bring the action.

(ECF No. 6-5, Exh. D.)  On August 20, 2009, BAC-HLS responded by asserting the following:

> America's Wholesale Lender is the original payee to the Note.  America's
> Wholesale Lender was doing business as Countrywide Home Loans, as
> evidenced by Exhibit 'A'.  Countrywide Home Loans, Inc., fka, Countrywide
> Funding Corp., dba, America's Wholesale Lender executed and delivered to
> Countrywide Home Loans Servicing LP., an Allonge to the Note making the
> Note payable to
> Countrywide Home Loans Servicing, LP.  Mortgage Electronic Registration
> Systems, Inc. assigned the mortgage to BAC Home Loans Servicing, LP.

(*See* Brief in Opp'n to Mot. to Dismiss, ECF No. 6-6, Exh. E.)  On September 8, 2009, the state

court denied Dawes's Motion to Dismiss, stating as follows: "Plaintiff has provided sufficient

evidence that it owned both the subject promissory note and mortgage prior to the date of the

filing of the complaint in this case, and, therefore, has standing to bring this case."  (ECF No. 6-

6, Exh. D; ECF No. 6-7, Exh. F.)

On October 8, 2009, BAC-HLS filed a Motion for Summary Judgment and Motion for

Default Judgment.  (ECF No. 6-5, Exh. D.)  On November 10, 2009, the state court ordered

BAC-HLS to submit an endorsement within ten days "deleting the conditions, exclusions, and

stipulations from the preliminary judicial report filed," warning that failure to do so would result

---

the merger, Countrywide became an indirect subsidiary of Bank of America
Corporation.

(ECF No. 6-1 at 2, n. 4)  The Court need not determine, for purposes of this motion,
whether Countrywide or BAC-HLS actually owned the Note or had standing to bring the
foreclosure action.  As the Court is considering only the documents attached to the
Complaint and the relevant proceedings in state court, Dawes's motion to exclude
evidence (ECF No. 22) is DENIED as moot.

6

in a dismissal without prejudice. *Id.*  BAC-HLS failed to file said endorsement.  *Id.*  On

November 25, 2009, the state court dismissed the action without prejudice, and, in the process,

denied BAC-HLS's motions for default and summary judgment.  *Id.*

Dawes has not alleged that his payments on the Note were current when the state court

actions were initiated, nor has he alleged that, at the time his Complaint was filed, he had

actually been evicted from the Property.

## IV.  Analysis

### A.    Slander of Title

Dawes alleges slander of title stemming from the filing of the two foreclosure actions

initiated by Defendants.  "To prove slander of title in Ohio, a plaintiff must show that the

defendant (1) made a defamatory statement against the property of another, (2) which was false

and malicious, and (3) caused actual or special damages."  *Specialty Minerals, Inc. v. Dunbar

Mech., Inc.*, 164 Fed. Appx. 539, 542 (6th Cir. 2005) (*citing Green v. Lemarr*, 744 N.E.2d 212,

224, 139 Ohio App. 3d 414 (Ohio App. Ct. 2000)); *accord Marinelli v. Prete*, 2010-Ohio-2257,

2010 Ohio App. LEXIS 1855 (Ohio Ct. App., May 21, 2010).

"A communication is defamatory if it tends so to harm the reputation of another as to lower

him in the estimation of the community or to deter third persons from associating or dealing

with him."  Restatement 2d of Torts, § 559.  Dawes has not actually identified a defamatory

statement in his Complaint.  The statement that an individual is in default on their home could

arguably constitute a defamatory statement if false.  That, however, is not the allegation in the

case at bar.  A careful reading of Dawes's complaint reveals that he has not alleged that

Defendants falsely stated that he was in default.  Instead, he alleges that Defendants either did

7

not own the Note and/or submitted a "robo-signed affidavit" without any personal knowledge of whether Defendant Countrywide was the holder of the Note.  (Compl. at ¶¶1, 5, 7, 9-10, 12, 14, 16.)  This, however, does not constitute a false *and* defamatory statement.  Defendants' allegedly false statement that they owned the Note is not the kind that would tend to harm Dawes's reputation.

Furthermore, even if the Court were to construe Defendants' statement that they owned the Note as defamatory in substance, such statements were made in the course of judicial proceedings and, therefore, cannot serve as the basis of Davis's claim.  *See, e.g., Buehrer v. Provident Mut. Life Ins. Co.*, 175 N.E. 25, 123 Ohio St. 264, 274 (Ohio 1931); *accord Michaels Bldg. Co. v. Cardinal Fed. Sav. & Loan Bank*, 561 N.E.2d 1015, 1019, 54 Ohio App. 3d 180 (Ohio Ct. App., 1988) ("[A] party is absolutely privileged or immune from suit for defamatory statements set forth in judicial pleadings, which concern a mortgage debt."); *see also Surace v. Wuliger*, 495 N.E.2d 939, 25 Ohio St. 3d 229, 233 (Ohio 1986) (holding that "as a matter of public policy, under the doctrine of absolute privilege in a judicial proceeding, a claim alleging that a defamatory statement was made in a written pleading does not state a cause of action where the allegedly defamatory statement bears some reasonable relation to the judicial proceeding in which it appears."); *accord Swinson v. Fedex Nat'l LTL, Inc.*, 2008 U.S. Dist. LEXIS 90026 (N.D. Ohio Aug. 12, 2008) ("[S]tatements given under oath are absolutely privileged if they are related to the subject matter of the judicial proceeding.")

Finally, assuming *arguendo* that the Defendants' statement that they owned the note is both defamatory *and* unprivileged, Dawes's action would, nonetheless, be barred by the statute of limitations.  "The wrongful filing for the record of a document which casts a cloud upon

8

another's title to or interest in realty is considered to be an act of publication which gives rise to an action for slander of title." *Smith Elec. v. Rehs*, 1998 Ohio App. LEXIS 537 at *4 (Ohio Ct. App., Feb. 18, 1998) (*citing Karpanty v. Kaplan*, 1986 Ohio App. LEXIS 8378, at *11 (Ohio Ct. App., Sept. 12, 1986)).  "An action for libel, slander, malicious prosecution ... shall be commenced within one year after the cause of action accrued ...."  Ohio Revised Code ("O.R.C.") § 2305.11(A); " *Smith Elec.*, 1998 Ohio App. LEXIS 537 at *5 (finding that O.R.C. § 2305.11(A) applies to all actions for slander, including slander of title).  The cause of action for slander of title accrues "when the right to prosecute begins, i.e., at the time the public notice was filed" and not when the offended party discovers the publication. *Smith Elec.*, *supra*; *see also Wendover Rd. Prop. Owners Ass'n v. Kornicks*, 502 N.E.2d 226, 28 Ohio App. 3d 101, 103 (Ohio Ct. App., 1985) (declining to apply the "discovery rule" of medical and legal malpractice actions to slander of title claims); *cf. Talwar v. Kattan*, 1998 Ohio App. LEXIS 1517 at *9 (Ohio Ct. App., Mar. 31, 1998) ("For slander, a cause of action accrues from the time the slanderous remarks were spoken, whether the defamed person had knowledge of the fact or not.")

This action was instituted on October 8, 2010 in the Cuyahoga County Court of Common Pleas.  (ECF No. 1-2.)  The first foreclosure complaint was filed in state court in December of 2008, and dismissed on April 30, 2009.  Therefore, the statute of limitations would have expired as to all statements made during the course of the first foreclosure action.  The second foreclosure complaint was filed on June 10, 2009.  Therefore, an action for slander of title accrued on that date.  Thus, Dawes had until June 11, 2010, to file a timely slander of title action.  This action, however, was not commenced until almost four months later.

For the foregoing reasons, it is recommended that Dawes's slander of title claim be

dismissed.

**B.    Fraud and Negligent Misrepresentation**

Dawes alleges that Defendants engaged in fraud by "pretending to have a valid foreclosure with threat of eviction."  (Compl. at ¶18.)  Dawes further avers that the assignments and affidavits submitted to support the foreclosure actions were false documents, and that Defendants did not own the Note.  *Id*. at ¶¶17-21.

According to Ohio law, in order to maintain a cause of action for fraud, a plaintiff must demonstrate the following:

> (a) a representation or, where there is a duty to disclose, concealment of a fact;
> (b) which is material to the transaction at hand; (c) made falsely, with knowledge
> of its falsity, or with such utter disregard and recklessness as to whether it is true
> or false that knowledge may be inferred; (d) with the intent of misleading another
> into relying upon it; (e) justifiable reliance upon the representation or
> concealment; and (f) a resulting injury proximately caused by the reliance.

*Cohen v. Lamko, Inc.*, 462 N.E.2d 407, 10 Ohio St. 3d 167, 169 (Ohio 1984) (citations omitted); *accord Magical Farms, Inc. v. Land O'Lakes, Inc.*, 356 Fed. Appx. 795 (6th Cir. 2009); *David A. Flynn, Inc. v. GMAC*, 2008 U.S. Dist. LEXIS 41597 (N.D. Ohio May 23, 2008).  "The elements of the claim are conjunctive, and accordingly all of them must be shown."  *Graham v. Am. Cyanamid Co.*, 350 F.3d 496, 507 (6th Cir. 2003).

Under a claim for negligent misrepresentation in Ohio, a defendant who, "in the course of his business, profession, or employment, or in any other transaction in which he has a pecuniary interest, supplies false information for the guidance of others in their business transactions . . . is subject to liability for pecuniary loss caused to them by their justifiable reliance upon the information, if he fails to exercise reasonable care or competence in obtaining or communicating the information."  *David A. Flynn, Inc. v. GMAC*, 345 Fed. Appx. 974, 977 (6th Cir. 2009) (*citing*

10

*Andersons, Inc. v. Consol, Inc.*, 348 F.3d 496, 505-06 (6th Cir. 2003)); *Delman v. City of Cleveland Heights*, 534 N.E.2d 835, 41 Ohio St. 3d 1, 10 (Ohio 1989).

Defendants argue that Dawes has failed to allege a false representation, as Dawes's allegation that Defendants did not own the Note is foreclosed by the state court's ruling.  (ECF No. 61- at 10.)  Specifically, Defendants point to the denial of Dawes's motion to dismiss, wherein the state court found that: "Plaintiff has provided sufficient evidence that it owned both the subject promissory note and mortgage prior to the date of the filing of the complaint in this case, and, therefore, has standing to bring this case."  (ECF No. 6-6, Exh. D; ECF No. 6-7, Exh. F).  The Court disagrees that this finding precludes a claim for fraud or negligent misrepresentation, as neither collateral estoppel ("issue preclusion") or *res judicata*[4] ("claim preclusion") are applicable.  The state court's opinion does not constitute a final decision on the merits.  The order denying Dawes's motion to dismiss should only be construed as a finding that there was sufficient evidence that BAC-HLS owned the Note to withstand such a motion.  It was not a conclusive finding that BAC-HLS did indeed own the Note.

However, Defendants' other argument – that Dawes has failed to plead justifiable reliance on an alleged fraudulent representation – is well taken.  Dawes's brief in opposition offers no

---

[4]  "*Res judicata* is established by four elements: 1) a final decision on the merits in an earlier action by a court of competent jurisdiction; 2) the later action involves the same parties or their privies; 3) the later action raises issues that were or could have been asserted in the earlier action; and 4) there is an identity of the causes of action."  *Temple v. United States Air Force*, 2000 U.S. App. LEXIS 1466 (6th Cir., Jan. 31, 2000).  "The modern view of *res judicata* embraces the doctrine of collateral estoppel, which basically states that if an issue of fact or law actually is litigated and determined by a valid and final judgment, such determination being essential to that judgment, the determination is conclusive in a subsequent action between the parties, whether on the same or a different claim."  *Hicks v. De La Cruz*, 369 N.E.2d 776, 52 Ohio St. 2d 71, 74 (Ohio 1977).

11

response to this argument.  (ECF. No. 22.)  Fed. R. Civ. P. 9(b) requires that averments of fraud must be plead with particularity.  "The Sixth Circuit reads this rule liberally, however, requiring a plaintiff, at a minimum, to 'allege the time, place, and content of the alleged misrepresentation on which he or she relied; the fraudulent scheme; the fraudulent intent of the defendants; and the injury resulting from the fraud.'"  *Coffey v. Foamex L.P.*, 2 F.3d 157, 162 (6th Cir. 1993) (*quoting Ballan v. Upjohn Co.*, 814 F. Supp. 1375, 1385 (W.D. Mich. 1992) (*citing Michaels Bldg. Co. v. Ameritrust Co. N.A.*, 848 F.2d 674, 679 (6th Cir. 1988)).

The Complaint cannot be reasonably read to include an allegation that Dawes justifiably relied upon the allegedly false representation that Defendants owned the Note to his mortgage. Based on Dawes's repeated attempts to have the state foreclosures actions against him dismissed by challenging whether Defendants owned the Note, it can fairly be said that rather than relying on the alleged misrepresentation, Dawes adamantly contested it.  As such, Dawes's claim for fraud should be dismissed because he has failed to plead any facts establishing the element of justifiable reliance.

Dawes's claim for negligent misrepresentation also fails, as it too requires justifiable reliance.  Furthermore, a core requirement of a negligent misrepresentation claim is a "special relationship" under which the defendant supplied information to the plaintiff for the latter's guidance in business transactions.  *See, e.g., Premier Bus. Group, LLC v. Red Bull of N. Am., Inc.*, 2009 U.S. Dist. LEXIS 91647 at *31 (N.D. Ohio, Sept. 30, 2009).  This relationship occurs only in 'special' circumstances. Usually the defendant is a professional (*e.g.*, an accountant) who is in the business of rendering opinions to others for their use in guiding their business, and the plaintiff is a member of a limited class.  *Picker Int'l v. Mayo Found.*, 6 F. Supp. 2d 685, 689

12

(N.D. Ohio 1998) (*citing Haddon View Inv. Co. v. Coopers & Lybrand*, 70 Ohio St. 2d 154, 157, 436 N.E.2d 212 (1982); *Gutter v. Dow Jones, Inc.*, 22 Ohio St. 3d 286, 288-89, 490 N.E.2d 898 (1986).  The *Picker* court emphasized the "special relationship" does not exist in all ordinary business transactions.  *Id*.  Here, Dawes does not allege a business relationship between himself and the Defendants.  To the contrary, he alleges that there is no relationship between the parties, and that Defendants' statements to the contrary are misrepresentations.  Furthermore, in the event that Dawes's allegation – that the Defendants do not actually own the Note – turns out to be inaccurate, his negligent misrepresentation claim would fail because the Defendants' assertion of ownership would be true.  Dawes's claim for negligent misrepresentation should be dismissed.[5]

## C.    Breach of Contract

Dawes alleges that "Defendants violated the contractual rights enjoyed by [him] with the true note holder."  (Compl. at ¶27.)  This allegation amounts to little more than a legal conclusion.  However, if Dawes's factual allegations are taken as true, none of the named Defendants would have had standing to sue Dawes in state court, as they would not be the true holders of the Note.  (Compl. at ¶1.)

> To prove a breach of contract under Ohio law, the following elements must be established: 1) the existence of a valid contract; 2) performance by the plaintiff; 3) breach by the defendant; and 4) damage or loss to the plaintiff. *Samadder v. DMF of Ohio, Inc.*, 154 Ohio App. 3d 770, 778, 2003 Ohio 5340, 798 N.E.2d

---

[5]  Although the Complaint appears to raise a claim of "False Oaths" (Compl. at ¶¶28-29), Dawes makes clear in his brief in opposition to the motion to dismiss that, "[t]he false oaths allegations are not made as a separate sounding cause of action," but simply constitute a component of his other claims for fraud and negligent misrepresentation. (ECF No. 22 at 4.)  Therefore, the Court will not construe the Complaint as attempting to raise such a claim.

1141 (2003); *Doner v. Snapp*, 98 Ohio App. 3d 597, 600, 649 N.E.2d 42 (1994); *Thomas v. Publishers Clearing House, Inc.*, 29 Fed. Appx. 319, 322 (6th Cir. 2002).

*Res. Title Agency, Inc. v. Morreale Real Estate Servs.*, 314 F. Supp. 2d 763, 769 (N.D. Ohio 2004); *accord Faurecia Auto. Seating v. Toledo Tool & Die Co.*, 579 F. Supp. 2d 967, 971 (N.D. Ohio 2008); *Younglove Constr., LLC v. PSD Dev., LLC*, 2011 U.S. Dist. LEXIS 15689 (N.D. Ohio Feb. 16, 2011) ("A contract is binding only on parties to a contract and those in privity with them.")

The very crux of Dawes's allegations is that Defendants were not parties to the mortgage and Note he signed.  This would seem fatal to the breach of contract claim as Defendants could not have breached a contract where they were neither a party nor in privity with a party.  In his brief in opposition, Dawes concedes that the Defendants were not in privity with him.  (ECF No. 22 at 7.)  Conversely, in the event one of the Defendants actually owns the Note and Mortgage, Dawes has not alleged that he performed his obligation to make timely payments or that the filing of a foreclosure action by that Defendant – the real party in interest – violated the terms of any contract.

Therefore, it is recommended that Dawes's claim for breach of contract be dismissed.

**D.  Unjust Enrichment**

Defendants contend that Dawes cannot maintain an unjust enrichment claim because he has not conferred any benefit on them.  Relying on *Johnson v. Microsoft Corp.*, 834 N.E.2d 791, 799, 106 Ohio St.3d 278 (Ohio 2005), Defendants assert that "the purpose of such claims 'is not to compensate the plaintiff for any loss or damage suffered by him but to compensate him for the benefit he has conferred on the defendant.'" (ECF No. 6-1 at 15.)  Dawes's brief is

14

unresponsive to this argument.  (ECF No. 22.)

> To recover for unjust enrichment under Ohio law, a plaintiff must prove that: (1) the plaintiff conferred a benefit upon the defendant; (2) the defendant knew of such benefit; and (3) the defendant retained the benefit "under circumstances where it would be unjust to do so without payment." *Brown-Graves Co. v. Obert*, 98 Ohio App. 3d 517, 648 N.E.2d 1379, 1383 (Ohio Ct. App. 1994).  The plaintiff must show that the substantial benefit to the defendant is "causally related" to the substantial detriment to the plaintiff.  *Gaier v. Midwestern Group*, 76 Ohio App. 3d 334, 601 N.E.2d 624, 627 (Ohio Ct. App. 1991).  In determining whether a defendant received an unjust or unconscionable benefit, we must consider whether "the defendant was the party responsible for the plaintiff's detrimental position."  *U.S. Health Practices, Inc. v. Blake*, 2001 Ohio App. LEXIS 1291, No. 00AP-1002, 2001 WL 277291, at *2 (Ohio Ct. App. March 22, 2001) (holding that the plaintiff's responsibility for his detrimental position breaks the requisite causal connection between the defendant's benefit and the plaintiff's loss).  "The doctrine of unjust enrichment provides an equitable remedy imposed to prevent injustice."  *Giles v. Hanning*, 2002 Ohio 2817, 2001 WL 1173512, at *2 (Ohio Ct. App. 2002).  Thus, the plaintiff must show enrichment that is unjust.  *Id.*  It is insufficient for the plaintiff to prove merely that he conferred a benefit upon the defendant.  *Katz v. Banning*, 84 Ohio App. 3d 543, 617 N.E.2d 729, 735 (Ohio Ct. App. 1992).  Rather, the plaintiff must prove that, under the circumstances, the plaintiff has a "superior equity so that, as against . . . [the plaintiff], it would be unconscionable for the . . . [defendant] to retain the benefit." *Id.* (internal quotation marks omitted).

*Andersons, Inc. v. Consol, Inc.*, 348 F.3d 496, 501-502 (6th Cir. 2003)

Defendants' argument is well taken.  Allowing the most generous construction to Dawes's Complaint, he fails to state a claim.[6]  Dawes has not identified a benefit conferred upon Defendants, and only argues that he has incurred attorney fees and other costs associated with defending the allegedly groundless foreclosure actions.  (Compl. at ¶33.)  Though the costs associated with defending these actions undoubtedly resulted in a detriment to Dawes, he must show a corresponding benefit to Defendants that is "causally related" to the substantial

---

[6]  Dawes cannot rely on injuries or damages sustained by other members of the putative class to avoid dismissal.  Even the assertion that Defendants have been unjustly enriched by other class members constitutes nothing more than a vague legal conclusion, as there is no allegation that Defendants received and retained a benefit from any of the putative members without any payment or return benefit.

detriment.  Dawes has failed to set out any such allegation.  As such, it is recommended that Dawes's unjust enrichment claim be dismissed.

### E.    Conversion

Dawes alleges that Defendants have wrongfully converted the property of others by seizing their homes.  (Compl. at ¶¶34-36.)

Under Ohio law, a cause of action for conversion arises where a defendant: (1) wrongfully exercises dominion or control; (2) over the property of the plaintiff; and, (3) in a manner inconsistent with plaintiff's rights of ownership. *See Zacchini v. Scripps-Howard Broad. Co.*, 351 N.E.2d 454, 456, 47 Ohio St.2d 224, 226 (Ohio 1976) (observing that even some intangible rights may be converted) *rev'd on other grounds* 433 U.S. 562, 97 S. Ct. 2849 (1977); *accord Joyce v. Gen. Motors Corp.*, 551 N.E.2d 172, 175, 49 Ohio St.3d 93 (Ohio 1990); *Am. Chem. Soc'y v. Leadscope, Inc.*, 2005 Ohio App. LEXIS 2428, 2005-Ohio-2557 at ¶24 (Ohio Ct. App. 2005).  To prove conversion, a plaintiff "need not demonstrate intent or wrongful purpose or an assertion of ownership by defendant." *Taylor v. First Nat'l Bank of Cincinnati*, 508 N.E.2d 1006, 31 Ohio App.3d 49 (Ohio Ct. App. 1986).  A plaintiff can maintain a claim for conversion of money if the funds are specifically identified, are held in trust, or are withheld by a person owing a fiduciary duty to the plaintiff.  In the absence of these factors, as the Ohio Supreme Court noted in *Staley v. Kreinbihl*, 89 N.E.2d 593, 597, 152 Ohio St. 315, 321-322 (Ohio 1949), the plaintiff is merely a general creditor. *See also Haul Transp. of Va., Inc. v. Morgan*, 1995 Ohio App. LEXIS 2240 at **11-12 (Ohio Ct. App. 1995) (Haul would have been entitled to bring a conversion claim against Morgan had the latter been required to hold shipping fees in trust or in some fiduciary capacity, but in the absence of such an agreement, the relationship of

16

the parties was merely that of creditor and debtor and no conversion claim was possible).

Dawes does not allege the conversion of his own property, but only the potential conversion of the property of putative plaintiffs.  (Compl. at ¶¶34-36.)  Dawes cannot rely on injuries or damages sustained by other members of the putative class to avoid dismissal.  There is also no allegation that Dawes was ever dispossessed of property.   In his brief in opposition, Dawes maintains that the mere act of filing foreclosure actions without standing constitutes a conversion, because it creates a cloud on his title, though he concedes that his house and land were not converted.  (ECF No. 22 at 8-9.)  Allegations made in Dawes's responsive brief do not cure deficiencies in his Complaint.

Dawes's conversion claim suffers from more than pleading deficiencies.  He concedes that there is no case law determining whether a cause of action may be maintained for conversion, where the allegation stems from "robo-signing foreclosure cases."  *Id*.  Nonetheless, the general rule in Ohio is that "[c]onversion is a tort applicable to personal property; it only applies to personal property." 18 Ohio Jurisprudence, Conversion and Replevin §6; *see also Baker v. Chevron USA, Inc.*, 2009 U.S. Dist. LEXIS 110524 at n. 4 (S.D. Ohio, Nov. 4, 2009) ("Real property is not the proper subject of a conversion claim"); *Portage Cty. Bd. of Comm'rs v. City of Akron*, 808 N.E.2d 444, 156 Ohio App. 3d 657, 691 (Ohio Ct. App. 2004) (finding that conversion applies to personal property and, therefore, inapplicable to riparian rights); *Sandy v. Rataiczak*, 2008-Ohio-6212 at ¶9 (Ohio Ct. App., Nov. 25, 2008) ("conversion claim is not justiciable because conversion only applies to personal property"); *Fed. Land Bank Ass'n v. Walton*, 1995 Ohio App. LEXIS 2532, at *4 n.1 (Ohio Ct. App. June 16, 1995)).

It is recommended that the conversion claim be dismissed.

17

**F.    Abuse of Process and Malicious Prosecution**

Abuse of process and malicious prosecution, although similar, constitute two distinct causes of action.  *See, e.g., Clermont Environmental Reclamation Co. v. Hancock*, 474 N.E.2d 357, 16 Ohio App. 3d 9, 11 (Ohio Ct. App., 1984) ("'[A]buse of process' differs from 'malicious prosecution' in that the former connotes the use of process properly initiated for improper purposes, while the latter relates to the malicious initiation of a lawsuit which one has no reasonable chance of winning."); *accord Robb v. Chagrin Lagoons Yacht Club*, 662 N.E.2d 9, 75 Ohio St. 3d 264, 271 (Ohio 1996).

**1.    Abuse of Process**

The tort known as "abuse of process" developed to offer plaintiffs redress in "cases in which legal procedure has been set in motion in proper form, with probable cause, and even with ultimate success, but nevertheless has been perverted to accomplish an ulterior purpose for which it was not designed."  *Yaklevich v. Kemp, Schaeffer & Rowe Co., L.P.A.*, 626 N.E.2d 115, 118, 68 Ohio St. 3d 294 (Ohio 1994) (citations omitted).  The elements of an abuse of process claim are as follows: (1) commencement of a legal proceeding set in motion in proper form and with probable cause; (2) the perversion of the proceeding into an attempt to accomplish an ulterior purpose for which it was not designed; and (3) damage resulting directly from the wrongful use of process.  *Id.*; *accord Hahn v. Star Bank*, 190 F.3d 708, 718 (6th Cir. 1999).  The Ohio Supreme Court further noted that "there is no liability [for abuse of process] where the defendant has done nothing more than carry out the process to its authorized conclusion, even though with bad intentions."  *Id.* at n. 2 (citations omitted).

Dawes has not alleged any ulterior purpose to the foreclosure actions beyond what is

18

permitted (*i.e.* the recovery of the collateral on the loan, namely the Property).  Indeed, that is exactly what was sought by the Defendants in state court.  As explained by the Ohio Supreme Court, "abuse of process occurs where someone attempts to achieve through use of the court that which the court is itself powerless to order."  *Robb*, 662 N.E.2d at 14.  Because no collateral or ulterior purpose has been alleged, an abuse of process claim is untenable.  As such, it is recommended that Dawes's abuse of process claim be dismissed.

### 2.    Malicious Prosecution

"[I]n order to state a cause of action for malicious prosecution in Ohio, four essential elements must be alleged by the plaintiff: (1) malicious institution of prior proceedings against the plaintiff by defendant; (2) lack of probable cause for the filing of the prior lawsuit; (3) termination of the prior proceedings in plaintiff's favor; and (4) seizure of plaintiff's person or property during the course of the prior proceedings."  *Crawford v. Euclid Nat'l Bank*, 483 N.E.2d 1168, 19 Ohio St. 3d 135, 139 (Ohio 1985) (citations omitted);[7] *accord Powell v. Squire, Sanders & Dempsey*, 1999 U.S. App. LEXIS 16854 (6th Cir., July 16, 1999).

The Complaint merely avers that Defendant BAC-HLS filed the second state foreclosure action with "no reasonable chance of winning since it was not the real party interest."  (Compl. at ¶¶40-41.)  Dawes arguably has sufficiently alleged that the prior proceeding terminated in his favor, and, reading the Complaint as a whole, it may be possible to find that Dawes has also sufficiently alleged that BAC-HLS filed the action maliciously and without probable cause.

---

[7] The *Crawford* court explained that "the requirement of an arrest of the person or seizure of property in malicious prosecution actions is necessary, as a matter of public policy, to dissuade the multiplicity of counter-suits that could occur in the absence of such a requirement."  483 N.E.2d at 1171.

Nonetheless, the Court cannot find, based on these allegations, that any of the Defendants seized Dawes's person or property during the course of the proceedings.  In *Crawfor*d, the Ohio Supreme Court found that damage to the plaintiffs' credit rating and the placement of funds in escrow did not constitute a seizure, either actual or constructive.  483 N.E.2d at 1170.  Similarly, the attorney fees and costs incurred by Dawes would not satisfy the requirement that there has been a seizure.  *See also, Pheils v. Garber-Lawrence Publishing Group*, 1993 Ohio App. LEXIS 5914 (Ohio Ct. App., Dec. 10, 1993) ("[T]he payment of legal fees does not establish a seizure of property in a claim for civil malicious prosecution."); *Jacob v. Fadel*, 2006 Ohio App. LEXIS 4949, 2006-Ohio-5003 at ¶P11 (Ohio Ct. App., Sept. 28, 2006) (finding no error in the trial court's grant of summary judgment dismissing malicious prosecution claim where the plaintiffs remained in possession of the real property in question both during and after the eviction proceedings.)

Because Dawes has failed to allege a necessary element of malicious prosecution, it is recommended that his claim be dismissed.

20

## V.  Conclusion

For the foregoing reasons, it is recommended that the Defendants' Motion to Dismiss (ECF No. 6) be GRANTED and the Complaint be dismissed with prejudice in its entirety.[8]

/s/ Greg White
U.S. Magistrate Judge

Date: April 27, 2011

### OBJECTIONS

**Any objections to this Report and Recommendation must be filed with the Clerk of Courts within fourteen (14) days after being served with a copy of this Report and Recommendation.  28 U.S.C. § 636(b)(1)(C).  Failure to file objections within the specified time may waive the right to appeal the District Court's order.  *See United States v. Walters*, 638 F.2d 947 (6th Cir. 1981).  *See also Thomas v. Arn*, 474 U.S. 140 (1985), *reh'g denied*, 474 U.S. 1111 (1986).**

---

[8]  Dawes has not sought to amend his complaint to cure the deficiencies, nor does it appear that Dawes could reasonably do so without completely altering the Report and of his factual allegations.  As such, an amended complaint based on the same general facts would likely be futile.  *See, e.g., Frank v. Dana Corp.*, 2009 U.S. Dist. LEXIS 77030 at *43 (N.D. Ohio Aug. 25, 2009) (where the amendment would be futile, there is no reason to allow it).  "A dismissal for failure to state a claim under Federal Rule of Civil Procedure 12(b)(6) is a judgment on the merits, and is therefore done with prejudice." *Pratt v. Ventas, Inc.*, 365 F.3d 514, 522 (6th Cir. 2004) (internal quotation marks omitted) (*quoting  Federated Dep't Stores, Inc. v. Moitie*, 452 U.S. 394, 399 n.3 (1981)); *accord Kachaylo v. Brookfield Twp. Bd. of Trs.*, 2011 U.S. Dist. LEXIS 23598 (N.D. Ohio Mar. 9, 2011) (Lioi, J.).

21